```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

                                    )
UNITED STATES OF AMERICA            )
                                    )
         v.                         ) CRIMINAL NO. 03-10329-PBS
                                    )
LANCE TALBERT,                      )
         Defendant.                 )
                                    )

**MEMORANDUM AND ORDER**

December 20, 2006

Saris, U.S.D.J.

Defendant Lance Talbert moves for a new trial based on newly discovered evidence of an assault by the government's cooperating witness Augusto Lopes. While in custody on February 2, 2005, Lopes assaulted three prison guards at the Barnstable House of Corrections and stabbed one of the guards numerous times with a pen. The criminal complaint and warrant issued on February 9, 2005. Lopes was arraigned on February 22, 2005 on three counts of assault and battery with a dangerous weapon, and he was sentenced on February 28, 2005 to a year in prison to run concurrently with his current sentence.

Talbert's trial began before this incident occurred. The prosecutor gave his opening statement on February 1, 2005, the day before the assault. Lopes testified at Defendant's trial on February 11 and between February 14 and February 17, 2005. During extensive direct and cross-examination, Lopes never disclosed the assault. While the prosecutor had learned about

the fight prior to Lopes' testimony, the AUSA did not know that Lopes had been charged until after the trial concluded.

On February 15, 2005, during cross-examination, Lopes engaged in the following colloquy:

Q. But you don't want to be charged with anything else after this point, do you?

A. There's nothing else they can charge me. *There' nothing else that I did.*  (emphasis added).

Q. So you told the government everything?

A. Yes.

Q. Absolutely?

A. Yes.

Q. Do you want to think about that for a second?

A. Everything that I was involved in? Yes.

(Lopes Cross Examination 2/15/05, p. 147). Defendant argues this was perjury because there was an additional charge that could be brought against Lopes. The government points out that Lopes did not know yet he was being charged because the criminal complaint had not been served on Lopes, and the arraignment was not until the following week.

Although government counsel had provided defense counsel with Lopes's criminal record as of February 2004, he never followed up, and did not learn of this new conviction until April 14, 2006. Defendant asserts bad faith on the part of the prosecutor, but there is no evidence to suggest the prosecutor

actually knew about pending charges although best practice would have suggested that the AUSA should have checked once he heard about the fight.

To mandate reversal, undisclosed impeachment evidence must be material. Conley v. United States, 415 F.3d 183, 188 (1st Cir. 2005) ("Impeachment evidence must be material before its suppression justifies a new trial."). "The suppression of impeachment evidence is 'material' when a reasonable probability exists 'that the result of the trial would have been different if the suppressed documents had been disclosed to the defense.'" Id. (quoting Strickler v. Greene, 526 U.S. 263, 289 (1999)).

Defendant suggests that the evidence is material because the additional conviction would serve to impeach Lopes's credibility. The government responds persuasively that defense counsel already had more than sufficient ammunition with which to attack Lopes' veracity, including a vast arrest record and conviction record for violent and drug crimes, his plea agreement, and his own testimony of a long history of dishonesty, cruelty, and lack of respect for human life. Viewed as just another criminal act on a long list of egregious misdeeds, the evidence is cumulative and not prejudicial. See Moreno-Morales v. United States, 334 F.3d 140, 148 (1st Cir 2003) (noting that "'the unavailability of cumulative evidence does not deprive the defendant of due process'" (quoting United States v. Sanchez, 917 F.2d 607, 618 (1st Cir. 1990))); United States v. Dumas, 207 F.3d 11, 16 (1st

Cir. 2000).

Defendant's other argument, however, is that the assault is a violation of Lopes's plea agreement in which he agreed not to commit crimes.  Also, if Lopes knew about the pending charges in state court (which is not clear from the record), he arguably perjured himself.  Defendant contends that the ability to argue this would undercut the government's assertion that Lopes could be trusted because if he lied in a way that would breach the agreement, he would subject himself to significantly higher penalties.

Defendant's argument must still be viewed against the backdrop of Lopes's past record of lying, which was fully brought to the jury's attention during cross-examination.  Moreover, Defendant argued that Lopes had an enormous incentive to lie by telling the government what it wanted to hear.  The additional impeachment value of the new conviction would not have been substantial.  Finally, Lopes's story never changed from when he first proffered his testimony in 2002 and 2003 and when he testified at trial.  As nothing about his testimony changed, it is difficult to see how the new variable of his knowledge that he could breach his plea agreement with impunity changed anything.

Defendant correctly points out that Lopes's testimony was crucial to the government's case.  However, significant evidence corroborated Lopes's accusations, in particular two eyewitness identifications.

The additional evidence of the Barnstable convictions was not material and does not warrant a new trial.  As such, the motion is **DENIED**.  (Docket No. 1373.)

/s/ Patti B. Saris

_____
PATTI B. SARIS
United States District Judge